UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                          CIVIL ACTION

SHARON SYLVESTER                                NO: 22-2065

                                                SECTION: "S" (2)

## OPINION

This is an appeal by the debtor, Sharon Sylvester, from the bankruptcy court's award of attorney fees incurred by Chaffe, McCall, LLP in connection with Sylvester's bankruptcy. For the reasons that follow, the ruling of the bankruptcy court allowing the fees and costs is **AFFIRMED**.

## BACKGROUND

After conversion of Sylvester's bankruptcy from a Chapter 13 case to a Chapter 7 case, the bankruptcy court authorized and employed Chaffe, McCall, LLP ("Chaffe") to represent the Trustee in connection with legal matters arising out the administration of the Chapter 7 case. Prior to filing for bankruptcy, Sylvester had donated her immovable property located at 1212-1214 South Rampart Street and 1216-1218 South Rampart Street in New Orleans, Louisiana to her children. When she filed for bankruptcy less than a year later, Sylvester did not disclose this transaction on her Statement of Financial Affairs. Multiple creditors objected to Sylvester's Chapter 13 plan, and at the confirmation hearing, the bankruptcy judge authorized Sylvester's

creditors to file an adversary complaint seeking return of the properties to the bankruptcy estate.[1] In February 2019, the bankruptcy court entered a final judgment in favor of the creditors, and ordered that the donation be avoided. The property was transferred back into the estate, which was then converted to a Chapter 7 case.

Chaffe undertook the representation related to the liquidation of Sylvester's properties, including the review and ranking of multiple security interests claims on the properties, title issues, and other matters that required the assistance of counsel. Informing their representation was the fact that Sylvester and her family desired to retain the property at 1212-1214 Rampart Street. Despite Sylvester's pre-petition fraudulent transfer, the Trustee attempted to accommodate the family, provided they could enter into a transaction that would pay all secured claims on that property and all general unsecured claims against the estate. Chaffe assisted the Trustee in this effort. Chaffe's Fee Application[2] reflects that in doing so, it conducted extensive negotiations with Casa De Victoria, LLC ("Casa"), an entity that included one of Sylvester's children, and explored avenues to keep 1212-1214 Rampart Street in the family. These efforts included a potential abandonment of the 1212-1214 Property directly to Sylvester for fair consideration if she could obtain the financing. When Casa's underwriters and title attorney would not approve that transaction after substantial time and effort by Chaffe and the Trustee, the Trustee entered

---

[1] This authorization occurred after Sylvester's attorney had acknowledged that the transfer should be voided, and had agreed to transfer the property back to the estate, but Sylvester's children declined to do so.

[2] In re Sharon Sylvester, No. 18-12064 (Bankr. E.D. La.), Fee Application, Rec. Doc. 274 at 4-6. Details regarding Chaffe's work are taken from this source.

2

into a purchase agreement with Casa directly. Chaffe prepared and filed a Motion for Sale of Property Free and Clear of Liens, seeking to sell the 1212-1214 Property to Casa. The Motion for Sale was granted over objections, and on November 22, 2019 the bankruptcy court entered an order authorizing the sale to Casa, with the stipulation that the sale close within twenty days of the entry of the Sale Order. The Sale Order released eight encumbrances against 1212-1214 Rampart Street and authorized the Trustee to accept a back-up bid from Future Property Investments, LLC ("FPI") for $150,000.00 if Casa defaulted on the Purchase Agreement. Casa subsequently defaulted on its obligations and the Trustee closed the sale with FPI over Sylvester's renewed objection.

In connection with the sale, Chaffe drafted the relevant pleadings, reviewed and revised the closing documents related to the transaction, conducted discussions with counsel for the lienholders asserting their various ranking positions, addressed title and indemnity issues, and reviewed the possible tax implications of moving forward with Casa or any other potential bidder. As a result of the sale of 1212-1214 Rampart Street, all lien claims, all general unsecured claims, and all administrative expenses related to the property were paid in full. In addition, due to the Trustee's and Chaffe's efforts, Sylvester was able to keep 1216-1218 Rampart Street unencumbered, maintain her 50% interest in immovable property located at 3627 Touro Street, New Orleans, Louisiana, and is expected to receive a distribution at the conclusion of the case.

In March 2020, Chaffe filed its application for fees and costs incurred in representation of the Trustee. Sylvester opposed the Fee Application. The bankruptcy court granted the Fee Application in its entirety, awarding Chaffe fees of $16,185.00 and expenses of $338.00.

Sylvester's motion to reconsider the award was denied, and an appeal to this court followed. This court affirmed the bankruptcy court. Sylvester appealed to the United States Court of Appeal for the Fifth Circuit. The Fifth Circuit vacated the fee award, finding that the bankruptcy court had failed to apply the proper standard in evaluating the fee claim. This court remanded to the bankruptcy court for further proceedings consistent with the Fifth Circuit's decision.

On remand, the bankruptcy court conducted a thorough line-by-line review of the Fee Application, applying the standard directed by the Fifth Circuit. It granted in part and denied in part the Fee Application, finding that $605.00 of the $16,185.00 requested in attorneys' fees was for work that was encompassed in the Trustee's duties, rather than legal work. The bankruptcy court awarded Chaffe reasonable fees in the amount of $15,580.00 for actual, necessary legal services rendered on behalf of the Trustee, and $338.00 for actual and necessary expenses, for a total award of $15,918.00. Sylvester has appealed the award a second time, arguing that the total still includes work that could and should have been performed by the Trustee, and thus is not actual, necessary legal services for which Chaffe is entitled to a fee award.

## DISCUSSION

*Standard of Review*

Title 28 U.S.C. § 158(a)(1), confers jurisdiction upon district courts to "hear appeals from final judgments, orders, and decrees" of the bankruptcy courts. A district court reviews a bankruptcy court's decision under the same standard of review that an appellate court applies to a district court judgment. See 28 U.S.C. § 158(c)(2). Thus, the court reviews a bankruptcy court's conclusions of law de novo and findings of fact for clear error. Id. In re Nat'l Gypsum Co., 208

4

f.3d 498, 504 (5th Cir. 2000). A bankruptcy court's award of attorneys' fees is reviewed for abuse of discretion. In re Woerner, 758 F.3d 693, 699 (5th Cir. 2014), on reh'g en banc, 783 F.3d 266 (5th Cir. 2015)(citing In re Cahill, 428 F.3d 536, 539 (5th Cir. 2005) (other citations omitted)).

"An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous." Cahill, 428 F.3d at 539 (5th Cir. 2005) (quoting In re Evangeline Ref. Co., 890 F.2d 1312, 1325 (5th Cir.1989)). "[I]n the context of fee awards, 'the lower court has a far better means of knowing what is just and reasonable than the appellate court can have.' " Evangeline, 890 F.2d at 1327 (5th Cir. 1989) (quoting Trustees v. Greenough, 105 U.S. 527, 537 (1881)). However, the bankruptcy court "must provide a clear explanation of the reasons for the fee award." Id.

*Applicable Law*

Title 11, section 327, authorizes the trustee to employ one or more professionals, including attorneys, who do not have a conflict of interest with the bankruptcy estate, to represent or assist the trustee in carrying out the trustee's duties. Section 330 permits an award of reasonable compensation to a professional employed pursuant to section 327 "for actual, necessary services rendered." 11 U.S.C. § 330(a)(1). "Section 330(a) does not define what services are 'necessary,' and that word's meaning is not immediately clear from the statute." Matter of Sylvester, 23 F.4th 543, 547 (5th Cir. 2022). However, interpreting the term "necessary" in the context of this provision, the Fifth Circuit has explicitly held that "a court may compensate an attorney under § 330(a) only for services requiring legal expertise that a trustee

would not generally be expected to perform without an attorney's assistance." Id. at 548–49. Thus, the issue before the court is whether the bankruptcy court abused its discretion in finding that Chaffe reasonably incurred $15,580.00 is attorneys' fees for services requiring legal expertise that the Trustee could not perform.

*Analysis*

Sylvester contends that the bankruptcy court erred because the fee award to Chaffe includes compensation for duties that could and should have been performed by the Trustee without the assistance of an attorney. In support, she excerpted Chaffe's detailed billing statement in her brief, noting which activities she believes were not necessary to have been performed by an attorney. In a nutshell, Sylvester objects to every time entry for drafting and reviewing correspondence, telephone calls or conferences, and in-person conferences.[3] She deems compensable entries for reviewing the purchase agreement, reviewing assessor information, reviewing creditors and connections for declaration, reviewing claims and claims analysis, reviewing rules regarding new proof of claim deadline, reviewing court's decision on revocatory action, preparing for creditors' meeting and hearings, drafting, reviewing, and revising purchase agreements and sale order, reviewing objection to Chapter 13 final report, reviewing motions and pleadings, conducting legal research, drafting motions, and meeting with the Trustee.[4]

---

[3] Brief of Debtor-Appellant, Rec. Doc. 7, pp. 12-16.

[4] Id. Notably, three of the entries that Sylvester considers compensable were held non-compensable by the bankruptcy court. See id. and Memorandum Opinion, In re Sharon Sylvester, No. 18-12064 (Bankr. E.D. La. 6/21/11), Rec. Doc. 385 at 7.

Sylvester's argument assumes that the Chaffe attorney is capable of performing his duties in a contextual vacuum. It appears that she expects that immediately upon being retained, the attorney could sit down at a desk and immediately begin drafting motions, purchase agreements, and preparing for hearings without the opportunity to confer or correspond with any of the interested parties or to review backup correspondence. Because the Trustee is capable of making a telephone call and drafting correspondence, Sylvester believes that it is never necessary for Chaffe to undertake these tasks, and thus it should not be compensated for them. This expectation is unrealistic. To provide competent representation, an attorney must orient himself to the details of the case, which often necessarily requires corresponding and conferring with numerous interested parties. Conferring and corresponding with interested parties is also necessary in litigating a case. This is especially so in the present case, involving extensive negotiations related to properties with numerous encumbrances that required discussions with lienholders as well as addressing title and indemnity issues. The itemizations reflect this; for instance, telephone conference topics included discussing the purchase agreement with the Trustee and others, discussions regarding the sale with Sylvester's son, discussions with the Trustee regarding tax issues, and discussions with Sylvester's son and a CPA regarding abandonment of the property for consideration, among other topics. Correspondence on these matters and others was reviewed and drafted. All of this work informed Chaffe's drafting of motions, the purchase agreement, and other legal documents, and enabled it to appear and participate in court hearings and provide legal advice. The work was not routine or ministerial. While the court's role in this appeal is not to conduct a de novo review of the facts in this matter

as found by the bankruptcy court, the court notes that the record in this case is consistent with the bankruptcy court's findings regarding the necessity of Chaffe's efforts, which resulted in the payment in full of all lien claims, general unsecured claims, and all administrative claims for the 1212-1214 Rampart Street property, and enabled Sylvester to retain unencumberd the 1216-1218 Rampart property, maintain a 50% interest in immovable property at 3627 Touro Street in New Orleans, and to expect a distribution at the conclusion of the case. The bankruptcy court's findings of fact are not clearly erroneous.

The court also finds that in adjudicating the Fee Application on remand, the bankruptcy court properly applied the applicable standard set forth in 11 U.S.C. §330(a)(3), as recently explicated by the Fifth Circuit. The bankruptcy court's analysis properly rested the burden on Chaffe to justify the services rendered. See Matter of Sylvester, 23 F.4th at 549. The bankruptcy court explicitly acknowledged its "duty to determine whether the services rendered by Chaffe were legal in nature or whether they were actually administrative or ministerial duties of the Trustee – that is, whether or not the Trustee could have performed the services herself without the assistance of counsel."[5] The bankruptcy court based its decision upon an independent review of the Fee Application, each time entry listed on Chaffe's invoices, and the record. The bankruptcy court then employed the Fifth Circuit's "lodestar" method and explicitly and individually considered the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

---

[5] Memorandum Opinion, In re Sharon Sylvester, No. 18-12064 (Bankr. E.D. La. 6/21/11), Rec. Doc. 385 at 7.

The bankruptcy court's independent review examined the reasonableness of Chaffe's fees, considering time spent, rates charged, the complexity of the issues, the expertise of the billing attorney, and customary compensation for this type of work.[6] The bankruptcy court explicitly found that the time spent attempting to craft a deal to allow Sylvester to pay all the claims of the estate and keep her property was justified.[7] The bankruptcy court further found that Chaffe's specific expertise in bankruptcy law, commercial law, real estate law, and secured transactions enabled it to secure an outstanding outcome for the creditors and Sylvester.[8] Hourly rates charged were within the norm for this district, all creditors were paid in full, and Sylvester was able to retain some of her immovable property unencumbered.[9] In sum, the bankruptcy court concluded that with the exception of $605.00 in fees for work that fell within the duties of the Trustee, the time and labor expended, rates charged, and the services performed were completed within a reasonable amount time, and were commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. See 11 U.S.C. § 330(a)(3). On the record before it, this court finds that the bankruptcy court did not apply an improper legal standard or follow improper procedures in calculating the fee award, nor did it rest its decision on findings of fact that were clearly erroneous. See In re Cahill, 428 F.3d at 539. The court finds no error in the bankruptcy court's ruling that Chaffe's services valued at a total of $15,580.00 were actual, necessary legal

---

[6] Id. at 8-9.

[7] Id. at 8.

[8] Id.

[9] Id. at 9.

services rendered on behalf of the Trustee from May 2, 2019 through the hearing of the Fee Application. Accordingly, the court will not disturb the award.

**AFFIRMED.**

New Orleans, Louisiana, this 16th day of December, 2022.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE